(No. 20528.— )

JOHN A. SCHAFER *et al.* Plaintiffs in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(ELSIE C. TRUMBLE, Admx.,
Defendant in Error.)

*Opinion filed April 23, 1931.*

574

R. J. LAVERY, and ARNE B. HUMMELAND, for plaintiffs in error.

HENRY C. WARNER, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

An application was filed with the Industrial Commission charging that Arthur B. Trumble died as the result of accidental injuries which arose out of and in the course of his employment by John A. Schafer and Louis F. Olson, partners doing business as Schafer & Olson, and asking that the compensation for Trumble's death be adjusted. The decedent left a widow and three minor children and the arbitrator fixed their total compensation at $4550. The Industrial Commission, on review, heard additional evidence, and approved the arbitrator's award. The circuit court of Lee county confirmed the decision of the commission, and by a writ of error, granted upon the petition of the employers, the record is submitted for a further review.

Schafer and Olson, the plaintiffs in error, are building contractors, and prior to August 3, 1928, had taken part in erecting certain buildings at the Dixon State Hospital, near the city of Dixon, in Lee county. The hospital grounds and farm occupy a considerable area and are traversed by the Illinois Central railroad which runs in a northerly and southerly direction. About three-quarters of a mile west of the railroad and approximately parallel thereto, runs a public highway from which entrance is gained to the hospital grounds. From this entrance a private road, about twelve feet wide, runs through the grounds to a point east of the railroad. At the private road crossing the railroad's right of way is one hundred feet wide and it is occupied by a single track. In addition to the private road, and in proximity to it, there is a footpath for pedestrians. The private road afforded a vehicle the only way of reaching the public

highway from a point in the hospital grounds east of the railroad.

On the morning of August 3, 1928, the plaintiffs in error began the construction of a dairy barn on the hospital grounds near the private road and about two hundred fifty feet east of the railroad right of way. Arthur B. Trumble and other men were employed for this purpose by the plaintiffs in error. Practically all of the workmen came in automobiles and during the day left their cars under trees near the site of the proposed building. At 4:30 P. M. the day's work was finished and Trumble, with Earl Trumble, his brother, and Clifford Palmer, two other workmen, started home in one of the automobiles. Two or three cars, one of which carried the foreman on the particular job, preceded them. As Trumble and his two associates were crossing the railroad, the car in which they were riding was struck by a passenger train and the three men were killed. The question presented for decision is whether the accident resulting in the death of Arthur B. Trumble arose out of and in the course of his employment.

The general rule followed in construing the Workmen's Compensation act is that a person's employment does not begin until he reaches the place where he is to work and that it does not continue after he has left that place. (*Landon* v. *Industrial Com.* 341 Ill. 51; *Shegart* v. *Industrial Com.* 336 id. 223; *Becker Asphaltum Roofing Co.* v. *Industrial Com.* 333 id. 340; *Dambold* v. *Industrial Com.* 323 id. 377; *Schweiss* v. *Industrial Com.* 292 id. 90). If, however, the employee is injured on the premises of the employer in going to or from the scene of his duties by a customary or permitted route within a reasonable time before or after work, the injury arises out of and in the course of the employment within the meaning of the Workmen's Compensation act, and the employee or his beneficiary in the event of his death, is entitled to compensation for the injury. (*Wabash Railway Co.* v. *Industrial Com.* 294 Ill. 119;

*Western Coal Co.* v. *Industrial Com.* 296 id. 408; *Porter Co.* v. *Industrial Com.* 301 id. 76; *Crane Co.* v. *Industrial Com.* 306 id. 56; *Indian Hill Club* v. *Industrial Com.* 309 id. 271; *Schweiss* v. *Industrial Com. supra*). The controlling factor in determining whether the accidental injury arose out of and in the course of the employment is whether the employee was in the orbit, area or sphere of his duty when the accident occurred. (*Schweiss* v. *Industrial Com. supra*). There must be present a causal relation between the work or what is done incidental to it and the injury which occurs. (*Central Illinois Service Co.* v. *Industrial Com.* 291 Ill. 256; *Becker Asphaltum Roofing Co.* v. *Industrial Com. supra; Schweiss* v. *Industrial Com. supra*). Whether the place at and time within which an employee, in going to or returning from his work, is accidentally injured comes within the scope or period of the employment is a question of fact. (*Schweiss* v. *Industrial Com. supra; Wabash Railway Co.* v. *Industrial Com. supra; Porter Co.* v. *Industrial Com. supra*). It is impossible to prescribe any definite limit, either of place or time, since the circumstances of each case necessarily differ.

In the present case the nature and place of Trumble's employment contemplated the necessity for entrance to and exit from the hospital grounds. The private road through these grounds afforded a vehicle the only way or means of access to the barn under construction from the public highway. The use of the private road for entrance and exit by automobiles at appropriate times was incidental to Trumble's employment. The arbitrator, the Industrial Commission and the circuit court were justified in finding that the accidental injury which resulted in Trumble's death arose out of and in the course of his employment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*