(No. 3881—

REVY M. MARTIN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 12, 1945.*
*Petition of claimant for rehearing denied September 11, 1945.*

WILSON & SCHMIEDESKAMP, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant, Revy M. Martin, employed by the Department of Public Welfare of the State of Illinois, as an attendant at the infirmary of the Illinois Soldiers' and Sailors' Home at Quincy, Illinois, was struck by an automobile on the grounds of the Home on February 10, 1944. The Illinois Soldiers' and Sailors' Home consists of a group of buildings, including a hospital, infirmary, administration building, and various cottages. The grounds of the institution are enclosed, and a paved road enters the east side of the grounds through a stone gate and curves past various buildings to another gate at the south side of the grounds.

Claimant customarily rode to work on a bus which

enters from the east gate and leaves through the south gate. On the day of the accident, claimant was required to report for work at 7 A. M. At 6:40 A.M. he got off the bus at the regular stop on the grounds, between the hospital and the infirmary. He then attempted to cross the street when he was struck by a moving automobile and seriously injured. He was immediately taken to the hospital of the Illinois Soldiers' and Sailors' Home, was subsequently moved to Blessing Hospital at Quincy, Illinois, under the care of Dr. James F. Merritt, and later returned to the hospital at the Illinois Soldiers' and Sailors' Home.

As a result of the accident, claimant sustained a fracture of the neck of the right scapula and an impacted fracture of the surgical neck of the left femur and comminuted fractures of both the left tibia and fibula. He also sustained shock, a possible skull fracture, a weakened heart, and thrombophlebitis in both left and right legs. Because of the condition of shock, and the subsequent development of thrombophlebitis, the fractures were not set. Claimant's hip has failed to heal, and his left leg is shortened approximately an inch and a half. As a result of the fracture of the scapula, his right shoulder is now completely ankylosed. Claimant is still able to walk only with the aid of crutches, and it appears unlikely that he will ever be able to walk unaided, or to use his right shoulder. Claimant is totally and permanently disabled.

At the time of the accident, employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. At the time of the injury claimant had no children under sixteen years of age.

Claim is made for temporary total disability, for medical expenses in the following amounts: Blessing Hospital, Quincy, Illinois, $273.40; Dr. James F. Merritt, Quincy, Illinois, $128.00; nursing services $426.00; Dr. Harold Swanberg, Quincy, Illinois, $10.00; Illinois Soldiers' and Sailors' Home, $15.00; and for complete and permanent disability, including pension, under paragraph 8(f) of the Workmen's Compensation Act.

An injury received while on the employer's premises by an employee going to or from the scene of his duty is in the course of and arises out of his employment, if the employee is using a customary or permitted route within a reasonable time before or after work. *Schafer* vs. *Industrial Commission,* 343 Ill. 573. At the time claimant was injured, he had entered the grounds of the institution where he was employed; the injury was sustained approximately fifteen minutes before he was required to report for work; and he was on a paved road regularly used by employees and others entering the grounds. The court finds that the injury was in the course of and arose out of claimant's employment.

The court also finds that claimant is completely disabled, and is therefore entitled to an award under Section 8(f) of the Workmen's Compensation Act. This section provides for payment of compensation equal to 50% of his earnings, but not less than $7.50, nor more than $15.00 per week, commencing on the day after the injury, and continuing until the amount paid equals the amount which would have been payable as a death benefit if the employee had died as a result of the injury, and thereafter a pension during life annually. Since payments are to commence on the day after the injury, the Act does not provide for a separate award for temporary total incapacity.

Claimant has incurred medical and hospital expenses for which he is entitled to an award in the total amount of $852.40, and he has received from the respondent the sum of $513.55 which must be deducted from any award entered in his favor. Claimant's annual wage for the year immediately preceding the accident being $1500.00, his average weekly wage was $28.44, 50% of which is $14.42. Since the injury occurred subsequent to July 1, 1943, this must be increased 17½%, making a compensation rate of $16.94. The amount which would have been payable as a death benefit if the claimant had died as a result of his injury is $4700.00.

Award is therefore made in favor of the claimant, Revy M. Martin, in the amount of $5552.40, from which must be deducted the sum of $513.55 previously paid to claimant, leaving a balance of $5038.85, to be paid to him as follows:

$426.00, reimbursement for nursing services;

$273.40 for the use of Blessing Hospital, Quincy, Illinois;

$128.00 for the use of Dr. James F. Merritt, Quincy, Illinois;

$10.00 for the use of Dr. Harold Swanberg, Quincy, Illinois; and

$15.00 for the use of the Illinois Soldiers' and Sailors' Home, all of which are payable forthwith.

$664.99 which has accrued, and is payable forthwith.

$3521.46 payable in weekly installments of $16.94 each, beginning June 12, 1945, for a period of 207 weeks with an additional final payment of $14.88.

Claimant is entitled thereafter to an annual pension in the amount of $376.00, payable in the amount of $31.33 per month.

The court specifically reserves jurisdiction for the entry of such further orders as may from time to time be necessary.