## GLADYS SOMMERS v. SCHULER CHOCOLATES, INC., AND ANOTHER.[1]

April 17, 1953.

No. 35,977.

*Foley & Foley,* for relator.
*Reynolds & McLeod,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to review a decision of the industrial commission disallowing relator's claim for workmen's compensation.

On February 12, 1951, Gladys Sommers was employed as a factory worker by Schuler Chocolates, Inc., in Winona, Minnesota. The building in which she worked is located on the north side of West Fifth street, which runs in an east-west direction. Employees customarily gain ingress to and egress from the building by the

[1]Reported in 58 N. W. (2d) 194.

front entrance, which is located about 15 feet back from the public sidewalk. A private sidewalk runs from the public sidewalk to the front entrance. Extending about 110 feet to the east of the building is a vacant lot also owned by the Schuler corporation. A driveway crosses the public sidewalk approximately 100 feet east of the building and leads into the vacant lot. This driveway is used by vehicles going from the street to the shipping dock at the rear of the building. A portion of the vacant lot is used by some employees to park their cars while working.

About 4:30 p. m. on February 12, employee punched out from work, proceeded out the entrance on the private sidewalk to the public sidewalk, turned east, and walked toward the next corner where she was to meet someone with whom she had an arrangement to ride home from work. When about 100 feet from the building entrance, at or just east of the east edge of the driveway, employee slipped and fell on some ice, sustaining the injury for which compensation is claimed. After a hearing, the referee found that the injury did not arise out of or in the course of employment and issued an order disallowing employee's claim. On appeal to the industrial commission this order was affirmed.

The clause "arising out of and in the course of employment" is the language which the legislature has used to express the connection between employment and injury required for an injury to be compensable. M. S. A. 176.01, subd. 11. While it is probably true that no sharp distinction can be drawn, the words "arising out of" express the factor of origin, source, or contribution to the injury; the words "in the course of" refer to the time and place of the accident. Olson v. Trinity Lodge, 226 Minn. 141, 32 N. W. (2d) 255. In addition, § 176.01, subd. 11, provides in part:

"Without otherwise affecting either the meaning or interpretation of the abridged clause 'personal injuries arising out of and in the course of employment,' it is hereby declared:

"Not to cover workmen except while engaged in, on, or about the premises where their services are being performed, or where their services require their presence as a part of such service, at the time

of the injury, and during the hours of service as such workmen; * * * *."

Under this section, the accident, to give rise to a compensable injury, must have occurred on what is referred to as the "working premises." Simonson v. Knight, 174 Minn. 491, 219 N. W. 869.

This court has recognized that the above-quoted section is not to be narrowly construed but, rather, should be given a broad and liberal construction to accomplish the remedial purposes of the workmen's compensation act. Olson v. Trinity Lodge, *supra*. Accordingly, we have held that working premises include a route of ingress and egress located on property owned or controlled by the employer. In the Simonson case injuries were held compensable when suffered by an employee in a fall into an excavation at the rear of her employer's lot over which she walked to reach her customary entrance to the building in which she worked.

In Lienau v. N. W. Tel. Exch. Co. 151 Minn. 258, 186 N. W. 945, the employee's work was on the eighth floor of the employer's building. Her injury occurred while riding in an elevator supplied by her employer to take her to and from the site of her job. We held that the injury was compensable on the theory that working premises include a route of ingress to and egress from the employment site.

In Olson v. Trinity Lodge, 226 Minn. 141, 32 N. W. (2d) 255, where the employee, a part-time janitor, was injured by a fall on an icy sidewalk leading from the public sidewalk to the entrance to the building in which he worked, compensation was allowed. One of the duties of the janitor in that case was the care of the section of the sidewalk on which he fell.

Employee contends that the instant case comes within the law stated in the cases above set out, that the icy sidewalk interfered with her egress, and that the route of ingress and egress along the sidewalk where she fell was an incident of her employment. However, no case heretofore decided by this court has carried the concept of working premises so far, and it is our opinion that the in-

jury here under consideration did not occur "on or about the premises" as that term is used in the statute.

The concept of working premises is most useful in determining the required connection between employment and injury in those cases where the employee has a fixed place of work. As shown by the cases above cited, when the route to or from the job site is peculiar to and closely connected with the employment, this route of egress or ingress is considered part of the premises. In the instant case, employee fell only after she had passed through what could be considered a route of ingress or egress incident to the employment. After she reached the public sidewalk in front of the building, she was in no way bound to follow a route incident or peculiar to her employment. The mere fact that the public sidewalk upon which she fell was adjacent to a vacant lot owned by her employer in no way affected her route away from her work. Any public street or sidewalk used by an employee in leaving or arriving at his employment would as well be a part of the working premises as was the site of this accident, and manifestly such a construction is not possible under the statute.

We think that the statement of the problem by this court in Simonson v. Knight, 174 Minn. 491, 493, 219 N. W. 869, fairly states the applicable law:

"* * * But where, as here, the cause of injury is found in a hazard to which in the main only employes are subject, and it is in the building where the employment goes on or on the premises of the employer immediately adjacent thereto, we think a case of compensation is made. The controlling idea is that the hazard is localized on and peculiar to the place of employment rather than detached therefrom and so generalized to the community at large. In such a case the risk is referable to the employment rather than anything outside and beyond it. So the working premises may include land belonging to or used by the employer, otherwise unoccupied but appurtenant to the building.

"There is in this case the important circumstance that employes customarily entered and departed from the place of work

through the back door and over the rear of the lot on which the restaurant was situated. That route of ingress and egress was an incident of their employment. Any hazards accompanying it may therefore be said, logically and justly, to characterize and be referable to the employment. *Relator would not have reached her 'working premises' if she had been on the street in front of the building or in the alley or street in the rear of it.* But when off anything in the way of a public street or other way and on the premises of her employer, traversing a route over what may be termed the back yard of the building in which she was employed, she meets a hazard peculiar to that route, it ought not to be said, the broad reach of the compensation law considered, that she is not on the working premises." (Italics supplied.)

Employee cites as controlling Van Guilder v. Municipal Liquor Store, 16 Minn. Work. Comp. Dec. 317. While that case does tend to support employee's position and is possibly inconsistent with the views expressed in this opinion, it is understood, of course, that such decisions are not controlling authority in this court.

Under the facts and circumstances of this case and for the reasons set out above, it must be concluded that the injury to employee did not arise out of and in the course of her employment and that, therefore, the order of the industrial commission must be affirmed.

Affirmed.