# ELLA MAY NELSON v. CITY OF ST. PAUL, DEPARTMENT OF EDUCATION.

81 N. W. (2d) 272.

February 15, 1957—No. 36,954.

*Marshall F. Hurley,* Corporation Counsel, and *Donald L. Lais,* Assistant Corporation Counsel, for relator.

*Robins, Davis & Lyons* and *Arnold M. Bellis,* for respondent.

MATSON, JUDGE.

Certiorari to review a decision of the Industrial Commission awarding compensation and medical benefits to employee.

At and prior to the time of her injury on June 7, 1950, employee was regularly employed by the Department of Education of the City of Saint Paul, as a teacher at the Lafayette School.

The Lafayette School fronts to the east on Fenton Street. Directly back of the school is a playground; its northerly boundary extends for 100 feet along the sidewalk of Kentucky Street and its westerly end or short side extends for 60 feet along the sidewalk on State Street. The long and narrow playground is on the same level as the adjoining sidewalks. No fence or other barrier separates it from the sidewalks.

Employee was required to be at the school at 8:45 in the morning. Classes began at 9 a. m. Between 8:45 and 9 she was to be in her classroom to prepare for the day's work, to answer the children's questions, and to hand out school-supplied playground equipment such as balls and bats so the children could play on the playground until school began. While they were playing, it was part of her job to supervise them. Because of the long and narrow shape of the playground, the children in their games would spill over onto the

sidewalk. If they were playing ball, the ball would occasionally go onto the sidewalk and even into the street.

Employee sustained her accidental injuries on the morning of June 7, 1950, at about 8:40 a. m. As was her custom, she received a ride that morning to the corner of Kentucky and State Streets or to a point adjacent to the northwest corner of the school playground. She then walked easterly on the Kentucky Street sidewalk enroute to the rear or west-side school entrance door. There were a number of children playing ball on the playground and a few were on the sidewalk. As she walked along the northerly side of the playground, and while she was still on the contiguous public sidewalk, one of the children batted a ball which struck employee on the inside of her left knee, thereby causing the injuries involved herein.

Employer's application for a review of the Industrial Commission's award of compensation and medical benefits presents the sole question of whether employee's injury is one *"arising out of and in the course of employment"* (italics supplied) as defined in M. S. A. 1949, § 176.01, subd. 11, and as used in M. S. A. 1949, § 176.02.[1]

The question presents two phases or separate issues. An injury to be compensable must satisfy each of two companion requirements, namely, it must (1) "arise out of" and (2) "in the course of" the employment.

We turn to the first element. The phrase "arising out of" the employment is expressive of the requirement that there must be a causal connection between the conditions which the employer puts about the employee and the employee's resulting injury. The requisite causal connection—which need not embrace direct and proximate causation as for a tort—exists if the employment, by reason of its nature, obligations or incidents may reasonably be found to be the source of the injury-producing hazard.[2] The causal

[1]For amendments of these sections, see L. 1953, c. 755.

[2]Hanson v. Robitshek-Schneider Co. 209 Minn. 596, 297 N. W. 19; Corcoran v. Teamsters & Chauffeurs Joint Council, 209 Minn. 289, 297 N. W. 4; Olson v. Trinity Lodge No. 282, A. F. & A. M. 226 Minn. 141, 32 N. W. (2d) 255.

connection of source is supplied if the employment exposes the employee to a hazard which originates on the premises as a part of the working environment, or if the employment, as a part of the working environment, peculiarly exposes the employee to an external hazard whereby he is subjected to a different and a greater risk than if he had been pursuing his ordinary personal affairs.[3] In other words, if the injury has its origin with a hazard or risk connected with the employment, and flows therefrom as a natural incident of the exposure occasioned by the nature of the work, it arises out of the employment.[4] In the instant case the injury-producing hazard, the batting of a ball, as a part of the game activities sponsored by the school for the children on its playground, originated on the premises of the employer. Employee's duties included the supervision of the children's playground activities. Clearly, her injury arose out of the employment.

■ Although employee's injury arose out of the employment, we still have the issue of whether it arose "in the course of" the employment. The phrase "in the course of" employment refers to factors of *time and place* and means that an injury to be compensable must arise within the *time and space* boundaries of the employment. Here the injury was sustained at about 8:40 a. m. while the employee was on her way to work and while she was on a sidewalk immediately outside the space boundaries of her employment but within the range of a hazard peculiarly associated with that employment.

■ We find no difficulty whatever with the factor of *time*. The statutory limitation (§ 176.01, subd. 11) that the accidental injury to be compensable must *occur during the hours of service* is to be given a liberal and reasonable construction so as to include during such hours a reasonable time for ingress after the employee, having put aside his own independent purposes, has come to a point which is not only immediately adjacent to the working premises but also within the range of hazards peculiarly associated with the employ-

---

[3]Hanson v. Robitshek-Schneider Co. *supra;* Corcoran v. Teamsters & Chauffeurs Joint Council, *supra;* Johnston v. W. S. Nott Co. 183 Minn. 309, 236 N. W. 466.

[4]See, Corcoran v. Teamsters & Chauffeurs Joint Council, *supra.*

ment. The basic principle as to reasonable time for ingress is set forth in Simonson v. Knight, 174 Minn. 491, 219 N. W. 869, and needs no discussion here.[5] Employee was injured only a very few minutes before her actual working hours began. It would indeed be absurd to adopt so strict and narrow a construction as to penalize a teacher, or any other employee, for having enough interest in her work to take care to arrive on the working premises in time to be reasonably certain of being ready to commence her duties at the established hour.

 Finally, in applying the phrase "in the course of" the employment, we have the question whether the injury arose within the *space* boundaries of the employment. Employer takes the position that, since the batted ball struck the employee while she was still on the public sidewalk, and therefore outside the actual geographical area of her employment, the resulting injury is not compensable. It further argues that employee, while walking on the sidewalk, was subject to no greater hazards than the community at large.

M. S. A. 1949, § 176.01, subd. 11, provides that the compensation act does:

"Not * * * cover workmen except while engaged *in, on or about* the premises where their services are being performed, or where their services require their presence as a part of such service, at the time of the injury, * * *." (Italics supplied.)

In applying the above statute to determine the coverage area of the employer's premises under the phrase "in the course of" the employment, it is to be borne in mind that in the instant case the *source* of the injury was on the actual legal premises of the employer despite the fact that such injury took effect outside those premises. The fact that an injury is sustained on a public sidewalk and that

---

[5]See, Helfrich v. Roth, 193 Minn. 107, 112, 258 N. W. 26, 28; Anderson v. Russell Miller Milling Co. 196 Minn. 358, 363, 267 N. W. 501, 504; Locke v. County of Steele, 223 Minn. 464, 467, 27 N. W. (2d) 285, 287; Olson v. Trinity Lodge No. 282, A. F. & A. M. 226 Minn. 141, 145, 146, 32 N. W. (2d) 255, 258.

the hazard producing such injuries is common to the neighborhood is *of and by itself* of little significance and is by no means controlling.[6]

In Barnett v. Britling Cafeteria Co. 225 Ala. 462, 143 So. 813, 85 A. L. R. 85, 87, the Alabama court appropriately said:

"* * * One of the tests is whether the workman is still on the premises of his employer. This, while often a helpful consideration, is by no means conclusive. A workman might be on the premises of another than his employer, or in a public place, and yet be so close to the scene of his labor, within its zone, environments, and hazard as to be, in effect, at the place and under the protection of the act."

In determining coverage under the act, the fact that the employee, at the time of the accident, was within range of dangers peculiarly associated with the employment is a material factor in defining the premises of the employer.[7] We need not here determine whether coverage under the "in the course of" clause is in all cases coextensive with the zone of danger or risk area. It is enough here to hold, as we must clearly do under any reasonable application of the Workmen's Compensation Act, that whenever the hazards of employment spill over the boundary line and injure an employee on his way to work, his injury arises within the statutory space limitations of the employer's premises and is compensable as having arisen in the course of the employment.[8] Obviously, this rule does not protect an employee against all hazards, perils, and dangers on his journey from home to work and from work back to his home.[9] In the present case the school-sponsored play activities on the playground spilled

[6]See, Olson v. Trinity Lodge No. 282, A. F. & A. M. 226 Minn. 141, 32 N. W. (2d) 255; Hanson v. Robitshek-Schneider Co. 209 Minn. 596, 297 N. W. 19; Corcoran v. Teamsters & Chauffeurs Joint Council, 209 Minn. 289, 297 N. W. 4; Simonson v. Knight, 174 Minn. 491, 219 N. W. 869; Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P. (2d) 1016, 50 A. L. R. (2d) 356.

[7]Barnett v. Britling Cafeteria Co. *supra;* 1 Larson, Workmen's Compensation Law, § 15.22; Jaynes v. Potlatch Forests, *supra.*

[8]See, 1 Larson, Workmen's Compensation Law, § 15.31.

[9]See, Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P. (2d) 1016, 50 A. L. R. (2d) 356.

over onto the sidewalk where the employee was injured and she is entitled to compensation.[10]

Employee is allowed $250 attorney's fees and costs in this court. The decision of the Industrial Commission is affirmed.

Affirmed.

---

[10]We have not overlooked the case of Sommers v. Schuler Chocolates, Inc. 239 Minn. 180, 58 N. W. (2d) 194. We do not consider it to be in point.