**Marie HAWLEY (Employee-Plaintiff), Appellant,**

v.

**EDDY BROTHERS, INC. (Employer-Defendant) and Hartford Accident and Indemnity Company, (Insurer-Defendant), Respondents.**

No. 23899.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1963.

Thos. J. Daly, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, for appellant.

Schwartz, Hoffman & Brockus, Leo T. Schwartz, Kansas City, for respondent.

BROADDUS, Presiding Judge.

This is an appeal from the judgment of the Circuit Court reversing an award of the Industrial Commission in favor of claimant, Marie Hawley, on her claim against her employer, Eddy Brothers, Inc.

The testimony shows that the employer Eddy Brothers, Inc., operated a restaurant in a leased building at the southwest corner of 13th and Baltimore Streets in downtown Kansas City. The front or customers' entrance was at the corner of 13th and Baltimore Streets; the rear or west end of the building abutted on a paved alley, running north and south from 13th to 14th Street; the rear door through which the employees entered and left the restaurant abutted this alley, and persons using the rear door reached same by walking in this alley. The evidence further shows that this alley was used by members of the public including, among others, employees of the Kansas City Power and Light Company, tenants of other buildings abutting on this public alley, and by workmen, delivery men and other members of the public. There was no evidence that this alley was more hazardous than any other public paved alley, public sidewalk or street, or when there was a general snowy and icy condition due to climatic conditions that this alley was more hazardous than other public paved alleys, public streets or sidewalks or that employees were subject to any greater hazard than the public generally.

Eddy Brothers employed various persons, such as janitors, dishwashers, kitchen help,

food checkers and waitresses. They wanted to inspect and check the employees in and out, particularly for cleanliness as they handled the food. The front door heretofore described was the customers' entrance and remained locked until 11 A.M. Many of the employees necessarily had to begin the preparation of food, etc., before the restaurant opened at 11 A.M. for serving meals. Considering the various types comprising the help, Eddy Brothers, Inc., did not want the kitchen help using the front door, mingling with the customers and coming through the main part of the restaurant to and from work. For these reasons they required the employees to enter and leave the premises through the rear door. It was stated that it was the custom of restaurants generally and of most business establishments for the employees' entrance to be located in the rear of the building for various reasons.

The testimony of the appellant, Marie Hawley (the only witness who testified concerning her employment) was that she talked with Sam Eddy the day before, January 5, 1959, and was hired to work as a food checker. In this oral contract of hire nothing was said about which door appellant would have to use or any circumstances of her work or employment that were unusual. Her testimony was that a little lady that she worked with who was a food checker and who was to show her how to do food checking told her that the employees were to use the rear door in entering and leaving the premises. Appellant worked January 5th and during the course of that day was told that the employees used the rear door and she left by the rear door on that day.

There had been a snow storm in Kansas City on January 5th and there was snow and ice on the streets, sidewalks and alleys. On the day of the accident (January 6th) appellant traveled from her home by bus and after leaving the bus at 13th and Walnut Street she walked west on the public streets and sidewalks. At the west end of the restaurant building she entered the public alley where she slipped and fell before reaching the rear door of the restaurant premises. The weather and the ice and snow were very bad. Appellant admittedly fell on her way to work and at the time she fell she had not entered the restaurant premises and had not done any work that day.

In reversing the award of the Industrial Commission the Circuit Court followed the decision of the St. Louis Court of Appeals in the case of Donzelot v. Park Drug Co., Mo.App., 239 S.W.2d 526. In that case the court held that where the employee sustained injuries when she slipped and fell on ice on the public sidewalk in front of the employer's place of business while leaving work at the regular hour of departure, the employee was not injured as a result of accident arising out of and in the course of her employment. That well considered opinion written by Presiding Judge Anderson quotes from cases from other states which presented facts quite similar to those disclosed in the case now before us, and which hold that no recovery can be had under such circumstances. The following additional cases likewise support the holding in the Donzelot case: Simpson v. Lee and Cady, 294 Mich. 460, 293 N.W. 718; Amento v. Bond Stores, Inc., 274 App.Div. 863, 82 N.Y.S.2d 1; Krebs v. Industrial Commission, 200 Wis. 134, 227 N.W. 287; Sommers v. Schuler Chocolates, Inc., 239 Minn. 180, 58 N.W.2d 194; Madison v. Key Work Clothes, 182 Kan. 186, 318 P.2d 991; Simonson v. Knight, 174 Minn. 491, 219 N.W. 869.

In the Simpson case, supra, the claimant, on his way to work, had reached the very doorstep of his employer's building, and, in the act of reaching for the door handle, had actually extended his hand across his employer's property line. At that moment he slipped on the ice on the public sidewalk and fell. An award was reversed on the ground that the claimant's feet, so to speak, were still subject to the common risks of the street.

As stated in the Simonson case, supra: "Relator (claimant) would not have reached

her 'working premises' if she had been on the street in front of the building or *in the alley or street in the rear of it*."

■ Appellant argues that her claim is an exception to the rule announced in the Donzelot case because the employer had a rule that appellant and other employees were to use the rear door leading into the public alley in entering and leaving the restaurant rather than use the customer's or front entrance leading onto the public sidewalk. This requirement, appellant asserts, was a part of the employment contract and created a situation or a circumstance of such an unusual character as to make this claim compensable when similar factual circumstances are held non-compensable. The contention is unsound. The requirement that appellant use the rear door was not a condition or special provision in her employment contract or brought about by any special circumstance of her particular employment. It was a general rule or requirement applicable to all employees. And the facts which we have set out disclose that the employer had good and sufficient reasons for the rule. There was undisputed evidence that it was the custom of restaurant and other business establishments to require their employees to enter and leave the employer's premises by the rear door or an employee's entrance. A rule or practice that is so widespread and universal ought not to be construed into a special circumstance extending the premises of the vast majority of employers to the public streets, alleys and sidewalks.

Appellant in her argument makes the broad statement "that Missouri statutory law explicitly provides that employees are entitled to Workmen's Compensation benefits when the employee receives injuries '* * * on or about the premises where their duties require their presence as a part of such service', Section 287.020(5) R.S.Mo. 1949" from which it is argued that she was

where she was when she was injured because the employer required that she use the rear door and alley. This broad statement conveys an erroneous impression of what section 287.020 actually provides and ignores the limitations and qualifications expressly stated therein. Subsection 5 of Section 287.020 is as follows:

"Without otherwise affecting either the meaning or interpretation of the abridged clause, 'personal injuries arising out and in the course of such employment,' it is hereby declared not to cover workmen except while engaged in, or about the premises where their duties are being performed, or where their services require their presence as a part of such service."

■■ Properly construed this subsection is one of exclusion rather than one of inclusion as appellant has construed the same. The subsection excludes injuries to a workman except when *either* the workman is performing his services in, on or about the employer's premises, *or* when the workman is not on the premises but is engaged in performing his services for the employer. In either event when injured he must be engaged in the performance of his services for the employer. At the time of her injury the appellant was neither on the employer's premises nor performing any of the employer's services. With reference to this statute this is precisely what the Court of Appeals pointed out in the Donzelot decision, supra.

The three cases cited by defendant are readily distinguishable from the case now before us.

The judgment is affirmed.

All concur including HIGGINS, Special Judge.