CAROL L. FAUST v. STATE,
DEPARTMENT OF REVENUE.
GROUP HEALTH PLAN, INC., INTERVENOR.

252 N. W. 2d 855.

March 25, 1977—No. 46891.

*Laurence F. Koll,* for relators.
*Paul V. Rieke,* for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

Certiorari upon the relation of Group Health Plan, Inc., intervenor, and Carol Faust, employee of respondent employer, State of Minnesota, to review a decision of the Workers' Compensation Board (now the Worker's Compensation Court of Appeals) denying benefits for an injury employee sustained during the lunch hour. We reverse.

Employee works for the Department of Revenue at the Centennial Office Building, which fronts on Cedar Street just south of the Capitol. The main entrance to the building is in the middle of the building. Opposite the building and across Cedar Street is a large grassy mall, which is part of the grounds of the Capitol complex. The Centennial Building has a privately operated cafeteria where state employees and other people may buy and eat their lunch. Employees who bring their lunch to work may use the cafeteria without making any purchases there. Em-

ployees are forbidden to eat their lunch at their desks but they are not required to eat their lunch in the Centennial cafeteria. In fact, during the summer months many employees eat their lunch on the front steps of the Centennial Building or across Cedar Street, on the grassy mall. Many employees who eat on the mall cross Cedar Street in the middle of the block directly in front of the main entrance to the Centennial Building rather than go to the crosswalks at the ends of the block.

On August 16, 1973, employee's lunch break was from 12:30 to 1 p.m. At approximately 12:35 she left the Centennial Building by the midblock front entrance and prepared to cross the street to eat her lunch on the mall. While standing partly in the street looking to her left for oncoming traffic in the northbound lane, a van which was to her right backed up and struck her, causing the injuries for which she seeks compensation.

If employee had been injured while on her way to the cafeteria, it is clear that she would be entitled to compensation under the premises rule.[1] See, Lassila v. Sears, Roebuck & Co. 302 Minn. 350, 224 N. W. 2d 519 (1974) (compensation awarded to employee injured during unpaid, unsupervised lunch period in cafeteria operated by employer for convenience of employees). However, here the employee was off the premises at the time of the injury, and so the issue is whether, notwithstanding that fact, she still is entitled to compensation.

Employee's basic argument in support of her claim to compensation is that (a) the grassy mall on which she and her fellow employees frequently ate their lunch was in effect part of the premises of her employment, (b) she was following the customary and notoriously used route between the building and the mall when she was hit, and (c) that route was a special hazard

---

[1] Larson restates that general-premises rule as follows: "As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable * * *." 1 Larson, Workmen's Compensation Law, § 15.00.

sufficiently connected with the premises to justify an exception to the general rule denying compensation to injuries of an employee when he is off the premises.

A majority of two of the three commissioners rejected this argument, their reasoning being that the mall was not a part of the premises and that once she left the building and stepped on the sidewalk, she was part of the general public and any injury that occurred was not employment connected.

The dissenting commissioner relied primarily on the recent case of Goff v. Farmers Union Accounting Service, Inc. 308 Minn. 440, 241 N. W. 2d 315 (1976), stating that he felt the instant case was indistinguishable.

In Goff, the employee was struck by a car as she was crossing the street in midblock on her way to the employee parking lot which was just across the street from the building where she worked. Although there were crosswalks which the employee could have used, as well as a tunnel, the midblock route which employee took was the one which employee and most of the other employees customarily used, a custom of which the employer was aware. In affirming a compensation award, this court stated that this route was a special hazard of employee's job and that therefore compensation was proper notwithstanding the fact that employee's injury occurred off the premises.

In arguing that the Goff case is indistinguishable, the dissenting commissioner made a number of points. First, he stated that the fact that the injury in this case occurred during the lunch hour rather than after work by itself made no difference. We agree with this because, as Professor Larson states in his treatise, "the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions." 1 Larson, Workmen's Compensation, § 15.51.

The main point made by the dissenting commissioner is the one with which the majority took issue, specifically, that the mall area, like the parking lot in Goff, is part of the employer's

premises. Whether or not the mall area to which employee was walking may be said to be part of the employer's premises is the decisive issue in this case. The mall is unquestionably owned by the state and was used by employees of various departments during their lunch hours. We conclude that the area is part of the employer's premises, and that therefore the case is indistinguishable from Goff.

We have not found any cases precisely in point on this issue but in reaching this conclusion, we have relied in part upon Jewel Cos. v. Industrial Commission, 57 Ill. 2d 38, 310 N. E. 2d 12 (1974). Claimant in that case worked in a large industrial park maintained by his employer, who had established several cafeterias and restaurants for the employees. On his lunch hour claimant was injured while going to a cafeteria in a different section of the park than that in which he worked. Affirming a compensation award, the court held that all the cafeterias were in effect a part of the employer's premises.

The employee in the instant case was not injured while walking from the Centennial Building to the Capitol in order to eat in one of the other cafeterias in the Capitol complex. However, the mall is part of the Capitol complex and is openly and notoriously used by state employees as a lunch hour picnic and recreation area in the summer months. In fact, on some summer days the state "lures" employees onto the mall at lunch time by sponsoring noon hour concerts. Although the issue is close, we believe that under the circumstances the park area to which employee was walking should be deemed to be part of the employer's premises, making the Goff case indistinguishable.

Reversed.

OTIS, JUSTICE (dissenting).

In my opinion, Goff is entirely distinguishable. There, the employer furnished the employees a rented parking lot across from the employees' place of business, and although he discouraged employees from jaywalking, the employer did not take effective measures to prevent it. In Goff we held the parking lot was part

of the working premises where employees could be expected to begin and end their day's work. By no stretch of the imagination can the Capitol mall be regarded as part of the working premises for employees of the Centennial Building. They have no greater privilege to use that area than any non-state employee such as those employed at Sears Roebuck a block away. Had the employee been injured while walking to the Vocational School for lunch, her status as an employee would not have been any different, but she would have been denied benefits.

In my opinion, the majority is now affording health and accident insurance to a state employee simply because she had the misfortune of being injured while jaywalking on her own time, off the premises of her employer, headed for a public area of her own choosing. This I submit was not an activity which under any construction of the statute was performed in the course of her employment with the State of Minnesota.

SHERAN, CHIEF JUSTICE (dissenting).
I agree with the views expressed by Mr. Justice Otis.

ROGOSHESKE, JUSTICE (dissenting).
I join the dissent of Mr. Justice Otis.

PETERSON, JUSTICE (dissenting).
I join in the dissent of Mr. Justice Otis.