Octavia BLANKS, Relator,

v.

OAK RIDGE NURSING HOME, et al., Respondents.

No. 48317.

Supreme Court of Minnesota.

June 8, 1979.

Gerald B. Forrette, St. Paul, for relator.

Fitch & Johnson, Minneapolis, for respondents.

PER CURIAM.

Relator, a nurse's aide who sustained injury in a fall on a boulevard adjacent to a frontage road in front of her employer's nursing home while coming to work, seeks review of a decision of the Workers' Compensation Court of Appeals denying her compensation on the ground that her injury did not arise out of and in the course of her employment. We affirm.

Although we have recognized exceptions to the so-called "premises requirement" set forth in Minn.St. 176.011, subd. 16, this case does not come within any of them. Relator fell on a public boulevard. As in *Satack v. State, Dept. of Public Safety,* 275 N.W.2d 556 (Minn.1978), where an employee fell on a public sidewalk close to her place of employment, the hazard to which relator was exposed was not one incident or causally related to her employment but instead one no greater than that to which all others not so employed would be exposed if they chose to traverse the boulevard. Her claim that the frontage road was in effect an employees' parking lot, bringing the case within the rule of *Goff v. Farmers Union Accounting Service, Inc.,* 308 Minn. 440, 241 N.W.2d 315 (1976), is not persuasive since all drivers as members of the public were free to park along the road and the employer at no time directed or suggested that employees park there.

We conclude that this case is indistinguishable from *Satack* and that the principles enunciated in that decision require affirmance.

Affirmed.