GILDEA, Chief Justice (dissenting).
The question presented in this case is whether the injury to Roller-Dick is compensable under Minn. Stat. § 176.021 (2016). Section 176.021 provides that "[e]very *381 employer is liable for compensation according to the provisions of this chapter and is liable to pay compensation in every case of personal injury or death of an employee arising out of and in the course of employment without regard to the question of negligence." Minn. Stat. § 176.021, subd. 1. The employee bears "[t]he burden of proof" to show that the injury "aris[es] out of and in the course of employment." Id. The statute defines "[p]ersonal injury" as an "injury arising out of and in the course of employment ... while engaged in, on, or about the premises where the employee's services require the employee's presence as a part of that service at the time of the injury and during the hours of that service." Minn. Stat. § 176.011, subd. 16 (2016).
Interpreting section 176.021, we have consistently held that there are two distinct requirements for an injury to be compensable under the statute-the "arising out of" requirement and the "in the course of" requirement. See e.g., Gibberd v. Control Data Corp. , 424 N.W.2d 776, 780-84 (Minn. 1988) (holding that where an employee was assaulted while on a meal break on a public street by a person with no nexus to his employment, the employee's injury and death did not arise out of and in the course of his employment). The "arising out of" requirement "connote[s] a causal connection" and the "in the course of" requirement "refers to the time, place, and circumstances of the incident causing the injury." Id. at 780 ; see also Hanson v. Robitshek-Schneider Co. , 209 Minn. 596, 297 N.W. 19, 21 (1941).
There is no dispute here that Roller-Dick satisfies the "in the course of" requirement because her injury occurred within the time and space boundaries of her employment. The "arising out of" element, therefore, is the only element at issue in this case. Because Roller-Dick did not establish a causal connection between her injury and her employment, I conclude that she does not meet the "arising out of" element, and I therefore respectfully dissent.
The compensation judge reached the same conclusion that I reach on the "arising out of" requirement. The judge accurately cited our precedent, "recogniz[ing] the longstanding principle that '[t]he phrase "arising out of" means that there must be some connection between the injury and the employment.' " (quoting Dykhoff v. Xcel Energy , 840 N.W.2d 821, 826 (Minn. 2013) ). The compensation judge then found that Roller-Dick did not meet her burden to prove the necessary connection. Specifically, the compensation judge found, "[t]he employee offered no evidence of a work-related reason she chose not to use the handrail."[1]
The majority reaches a different conclusion. According to the majority, the fact *382 that the employee did not use the handrail and fell is enough to make the employer liable. But failing to require a connection to Roller-Dick's job effectively does away with the "arising out of" element in the statute.[2]
In other words, the fact that the employee fell on stairs at work establishes the "in the course of" element of the statute. Gibberd , 424 N.W.2d at 780 (noting that the "in the course of" requirement "refers to the time, place, and circumstances of the incident causing the injury"). But something more needs to be shown to prove the "arising out of" element-something other than that the injury happened at the work place. Otherwise, the statute does not have two independent requirements. See State v. Nelson , 842 N.W.2d 433, 440 (Minn. 2014) ("[T]he term 'and' ordinarily has a conjunctive meaning."); Lennartson v. Anoka-Hennepin Indep. Sch. Dist. No. 11 , 662 N.W.2d 125, 130 (Minn. 2003) (concluding the plain meaning of "and" was conjunctive). Our obligation is to enforce both requirements in the statute. See Shire v. Rosemount , Inc. , 875 N.W.2d 289, 292 (Minn. 2016) ("We also interpret statutes so as to give effect to each word and phrase."); see also Minn. Stat. § 645.17(2) (2016) ("[T]he legislature intends the entire statute to be effective and certain.").
The majority attempts to solve the problem its analysis creates by holding that the stairway was a hazard. Because the stairway is a hazard and that hazard is at work, the majority concludes that Roller-Dick's employer is responsible for her injury. The majority's assertion that the stairway is a hazard is wrong as a matter of fact and as a matter of precedent.
In terms of the facts of this stairway, the compensation judge found that the stairs were not hazardous and complied with all relevant safety standards. Specifically, the compensation judge found that the stairs were "free of debris, moisture, and defects" and "in good repair, clean, and in compliance with OSHA requirements and applicable building codes." The stairway had two handrails and was sufficiently lit. Further, the compensation judge found that respondent did not prove that anything about the stairs contributed to her fall.
The majority does not-and could not-make any contention that these findings are erroneous or without evidentiary support. Moreover, none of these findings support a conclusion that the stairs are an inherent or increased hazard. Rather, the only conclusion to be drawn is that these stairs were not hazardous because the employer had addressed any potential safety issues that might have caused employees to be at an increased risk of injury. In reaching a contrary conclusion, the majority first asserts that the fact that the "stairway 'complied with all relevant safety standards' is legally irrelevant." But under the majority's own analysis there needs to be a hazard at the workplace in order for the employer to be responsible. See Hohlt v. Univ. of Minn. , 897 N.W.2d 777, 779 (Minn. 2017) (noting that employer "has the responsibility to maintain [the public sidewalk], including keeping it clear of snow and ice."). When the stairway complies with all relevant safety standards, there is simply no room for the conclusion that the stairway is a hazard. The majority's conclusion to the contrary ignores the proper standard of review. See Kubis v. Cmty. Mem'l Hosp. Ass'n , 897 N.W.2d 254, 259-60 (Minn. 2017) ("[W]e 'will intrude only if, viewing the facts in the light most *383 favorable to the findings, it appears that the findings are manifestly contrary to the evidence or that it is clear reasonable minds would adopt a contrary conclusion.' " (quoting Hengemuhle v. Long Prairie Jaycees , 358 N.W.2d 54, 61 (Minn. 1984) ) ).[3]
Apart from its departure from the proper standard of review, the majority's conclusion that the stairway is a hazard is also inconsistent with our "arising out of" precedent. We have never held that a stairway that complies with all relevant safety codes-as this one indisputably does-is a hazard. In fact, we said the opposite just five years ago in Dykhoff : "[m]any workplaces have stairways and there is nothing inherently dangerous or risky about requiring employees to use them." 840 N.W.2d at 827.[4]
Not only is the majority's conversion of the code-compliant stairway into a hazard inconsistent with Dykhoff , but it is also a marked departure from the types of conditions we have recognized to be hazards for purposes of the "arising out of" element of the statute. See , e.g. , Hohlt , 897 N.W.2d at 779-81 (recognizing that an icy sidewalk, which the employer was responsible for "keeping [ ] clear of snow and ice," was a hazard); Nelson v. City of St. Paul , 249 Minn. 53, 81 N.W.2d 272, 276 (1957) (concluding that an injury arose out of employment because "the injury-producing hazard, the batting of a ball, ... originated on the premises of the employer"); Breimhorst v. Beckman , 227 Minn. 409, 35 N.W.2d 719, 728 (1949) (recognizing that a "spring gun" installed as part of an employer's "burglar-alarm device" was a hazard); Hanson v. Robitshek-Schneider Co. , 209 Minn. 596, 297 N.W. 19, 21 (1941) (concluding that an injury arose out of employment because the "employment exposed *384 [the injured employee] to a different and greater hazard of injury from assault than if he had been pursuing ordinary personal affairs"). The majority articulates no principled basis for its departure from our precedent.
Based on the factual record and our precedent, I conclude the employer here provided a safe, non-hazardous stairway for its employees to use. Because Roller-Dick's decision not to take advantage of the safety the handrails provided is not attributable to her employer, I conclude that she does not satisfy the "arising out of" the employment element of Minn. Stat. § 176.021, subd. 1.[5]
Our decision in Kirchner v. County of Anoka , 339 N.W.2d 908 (Minn. 1983) confirms my conclusion. In Kirchner , the employee fell and was injured when his leg gave out on the stairway at his workplace and "there was no handrail available to protect him from falling." 339 N.W.2d at 910. The fact that the stairway had only one handrail was plainly attributable to the employer, and so the injury caused by the absence of a second handrail arose out of the employee's employment. Id. at 911. Any other reading of Kirchner leaves out the requirement that there be a causal connection between the employment and the injury-a requirement we specifically recognized in Kirchner . Id. ("The 'arising out of' requirement refers to the causal connection between the employment and the injury.").
The majority argues that "we d[id] not inquire into whether the circumstances that lead to [the fall] were attributable to either the employee or the employer" in Kirchner . The majority is mistaken. We specifically concluded that the "requisite causal connection between the employment and the injury existed" in Kirchner . Id. We reached this conclusion because "the injury occurred when the public use of the only handrail required Kirchner to negotiate the steps without benefit of that protection." The choice, in other words, was not the employee's. Rather, the workplace made the choice for the employee in the sense that the employer chose to have only one handrail on the stairway, a stairway that both the public and employees had to use.
In this case, by contrast, the stairway had two handrails. That Roller-Dick did not have access to a handrail was not at all attributable to her employer. Instead, Roller-Dick chose, as the compensation judge found, not to use the handrails her employer provided because she was carrying personal items, a purse and a "personal plant." Nothing about Roller-Dick's employment dictated that choice.
In sum, because Roller-Dick did not meet her burden to show that her injury arose from her employment, I would reverse the WCCA and reinstate the judgment of the compensation judge.

The compensation judge noted that the employee offered three work-related reasons for her fall. First, the employee argued that because the stairs were not accessible to the general public but were accessible only to employees, the stairs necessarily presented an increased risk. The compensation judge rejected this argument because it was inconsistent with the law. Second, the employee argued that her descending the stairs without using the handrail increased her risk of falling. The compensation judge concluded that was "undoubtedly true," but that the employer was not responsible for this decision unless it was caused by a work-related reason, and the judge found that "the stairs in this case clearly had handrails and are in and of themselves no more risky than stairs in general." Third, the employee argued that she fell because the "non-skid sole of her shoe 'stuck' on the non-skid surface of the stairs." The judge concluded that the employee did not prove by a preponderance of the evidence that this was the reason she fell. Important to this conclusion was the employee's testimony on cross examination that "the reason she fell 'could be' that she was carrying her plant and not holding onto the handrail."

The rule the majority adopts also amounts to the adoption of the positional risk test, a test we specifically rejected in Dykhoff , 840 N.W.2d at 828-29 n.4 (discussing and rejecting positional risk test as inconsistent with Minn. Stat. § 176.021 ).

The WCCA likewise ran afoul of the proper standard of review when it concluded that stairs are hazards. The WCCA reached this conclusion without any consideration of the explicit factual findings the compensation judge made about the absence of supposed inherent hazards in stairways. When the WCCA clearly and manifestly errs in rejecting findings supported by substantial evidence-as it did in this case-we reverse. Kubis , 897 N.W.2d at 259. Clearly, to the extent the WCCA concluded that this set of stairs was a hazard , that conclusion is manifestly erroneous because it is contrary to the factual findings of the compensation judge and the WCCA must be reversed.
Apparently recognizing the error the WCCA made, the majority contends that is not really concluding that this stairway was a hazard. But the majority cannot have it both ways. The majority's only effort to satisfy the "arising out of" requirement in the statute is the conclusion that this stairway is a hazard. Indeed, the majority specifically acknowledges in footnote 5 that our precedent "require[s] a causal connection between the injury and the workplace, one that is satisfied if an employee faces hazardous conditions originating on the premises as part of the working environment." If the stairway is not a hazard, as the majority apparently argues in footnote 6, then the necessary "causal connection" is lacking and the WCCA must be reversed.

Roller-Dick argues that this conclusion is dicta. I disagree. We reached this conclusion as part of our analysis of the employee's arguments in Dykhoff , arguments that required us to consider the applicability of the rule from Kirchner v. County of Anoka , 339 N.W.2d 908 (Minn. 1983). See 840 N.W.2d at 827 (discussing the employee's arguments and Kirchner ). Moreover, even if the statement was truly dicta, the majority does not identify or explain why the statement is not entitled to at least persuasive weight. See Sanchez v. Dahlke Trailer Sales, Inc. , 897 N.W.2d 267, 277 n.9 (Minn. 2017) (noting the utility of applicable and persuasive dicta); State v. Craig , 826 N.W.2d 789, 793 (Minn. 2013) (declining to determine whether language was dicta but nonetheless electing to follow its analysis because it was "well-reasoned and persuasive authority"); In re Bush's Estate , 302 Minn. 188, 224 N.W.2d 489, 501 (1974) ("Even dictum, if it contains an expression of the opinion of the court, is entitled to considerable weight.")

By focusing on whether Roller-Dick's decision to use the stairway's handrail was work-related, the majority contends that I import a negligence standard into the workers compensation system. I disagree. I make no contention or suggestion that Roller-Dick was negligent. Moreover, the elements of a claim of negligence are not the focus or the effect of my examination. See Gradjelick v. Hance , 646 N.W.2d 225, 230 (Minn. 2002) (listing the four elements of a negligence claim). The focus for me is the one the statute requires: did the employee's injury arise out of her employment? It is for the Legislature, not our court, to change the statutory requirements.