[L.A. No. 31663. Mar. 21, 1983.]

SANDRA PARKS, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and
LOS ANGELES UNIFIED SCHOOL DISTRICT, Respondents.

Counsel

Geffner & Satzman, Eduardo E. Bermeo, Barry Satzman and Ron F. Gurvitz for Petitioner.

Kegel, Tobin & Hamrick, David E. Lister, Suellen Barrett Symons, W. Joseph Truce and Robert G. Burden for Respondents.

Opinion

**BIRD, C. J.**—Is a school teacher entitled to workers' compensation benefits where she was assaulted in her car immediately after leaving a school parking lot to go home from work under circumstances in which the teacher's car was immobilized by departing school children who blocked the traffic?

## I.

Petitioner, Sandra Parks, teaches kindergarten through third grade in the Los Angeles Unified School District. On January 17, 1979, she completed her workday at the 111th Street School in the Watts section of the city. Parks left the building and went to her car in the school parking lot. As was customary, she and a number of other teachers left work together for their own safety.

On this day, Parks drove to the exit of the lot and turned left onto Compton Boulevard. After she had driven one to two car lengths on Compton, the traffic was halted by a group of departing school children who were crossing the street between the cars. Parks found herself in a line of cars, boxed in from both the front and the rear. She had no choice but to wait until the children cleared the street.

At that moment, three youths pulled open the driver's door on Parks' car, wrestled her purse away from her and fled.

Parks was unable to return to work for three weeks as a result of the physical and emotional trauma from this assault. For a time after the attack she suffered pain in her left shoulder and experienced periodic dizziness. She also developed chronic anxiety about being alone and she became fearful when entering or

leaving the school grounds. She requested a transfer from the 111th Street School and was offered a position at another elementary school in Los Angeles.

Parks sought compensation for the disability resulting from the attack. Her claim was granted by the workers' compensation judge. However, on petition for reconsideration, respondent school district argued to the Workers' Compensation Appeals Board (WCAB) that Parks' disability did not occur in the course of her employment because she had completed her workday and was on her way home when the injury occurred. The WCAB agreed and rescinded the award. This petition followed.

## II.

The issue presented by Parks' claim is a simple one. Does the fact that Parks was leaving her job after work and had driven a short distance down a public street at the time the injury occurred automatically bring her case within the proscription of the so-called "going and coming" rule?[1] A review of applicable authority demonstrates that Parks' claim is not barred by this rule.

This court's analysis must begin with the fundamental requirement of the Workers' Compensation Act that a compensable industrial injury occur "in the course of the employment."[2] It is this requirement of the Labor Code that is involved in this case.

This statutory mandate has been clarified and defined over the years by the judiciary. One of the rules the courts have fashioned to aid in determining whether an injury occurred in the "course of employment" is the "going and coming" rule. (See 2 *Hanna, supra,* § 9.03[3][a] and [b] and cases there cited.) Broadly stated, the rule prohibits compensation for injuries received by an employee while traveling to and from work. (*General Ins. Co. v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 595, 598 [128 Cal.Rptr. 417, 546 P.2d 1361], hereafter *Chairez.*) Courts have reasoned that the employment relationship is suspended during this period and, therefore, injuries occurring when an employee is engaged in off-duty travel, off of the employer's premises, are not

---

[1]The going and coming rule provides that, in the absence of special circumstances, an employee is barred from compensation for injuries suffered while traveling to or from the workplace. (*Hinojosa v. Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 157 [104 Cal. Rptr. 456, 501 P.2d 1176]; see also, 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1982) § 9.03[3][b] and cases there cited, hereafter referred to as *Hanna.*)

[2]Labor Code section 3600 provides in pertinent part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . ."

The "course of employment" requirement "ordinarily refers to the *time, place, and circumstances* under which the injury occurs." (See 2 *Hanna, supra,* § 9.01[1][b], italics added.)

within the "course of employment" for purposes of the Workers' Compensation Act. (*Cal. Cas. Ind. Exch.* v. *Ind. Acc. Com.* (1943) 21 Cal.2d 751, 754 [135 P.2d 158]; see also *Chairez, supra,* 16 Cal.3d at pp. 598-600.)[3]

The going and coming rule, which appears simple on its face has been difficult in practice to apply. Charitably Justice Grodin has referred to it as a "slippery concept." (*Safeway Stores, Inc.* v. *Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 535 [163 Cal.Rptr. 750].)[4] Justice Tobriner characterized its "tortuous history" as the "record of a raw issue." (*Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d at p. 156.)

Problems in applying the rule occur chiefly in borderline cases where the employee is injured in close proximity to the employer's premises just before or after the workday. (See generally, 1 Larson, The Law of Workmen's Compensation, *supra,* §§ 15.00-15.15.)

■ Normally, when an injury occurs during the commute to or from work, the going and coming rule will apply to prevent compensation unless the injury can be found to fit within one of the many exceptions to the rule. (*Chairez, supra,* 16 Cal.3d at pp. 598-600.)[5] One of the exceptions which has been devised to implement the rule in marginal situations is the "special risk" exception.

An employee will be "entitled to compensation, if the employment creates a special risk, for injuries sustained within the field of that risk. Such a risk may attend the employee as soon as he enters the employer's premises or the necessary means of access thereto, even when the latter is not under the employer's control or management. [Citations.]" (*Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 11 [118 P.2d 809], hereafter *Freire*; *Chairez, supra,* 16 Cal.3d at p. 600.)

---

[3]The history underlying the development of the going and coming rule was discussed by this court in *Hinojosa* v. *Workmen's Comp. Appeals Bd., supra,* 8 Cal.3d at pages 153-160.

[4]Others have not been so kind. It has been noted for instance that the rule has "produced many harsh results which led courts to carve out numerous exceptions to it." (*Hammond* v. *Great Atlantic & Pacific Tea Company* (1970) 56 N.J. 1 [264 A.2d 204, 206].) Indeed, it has been suggested that the rule should be discarded altogether as being out of touch with the dangers inherent in a modern commuter-oriented society in which travel to and from work may be more dangerous than work itself. (*Id.,* at pp. 206-207.) And, in fact, the rule has been abandoned in several foreign countries, including France and Germany. (*Id.,* at p. 207, fn. 3.) The rule also has been abandoned in Michigan and New Jersey. (See 1 Larson, The Law of Workmen's Compensation (1982) § 15.12.)

[5]Whether an employee "has entered the area of his employment involves a factual determination" to be made in light of the circumstances in the case. (*Greydanus* v. *Industrial Acc. Com.* (1965) 63 Cal.2d 490, 492 [47 Cal.Rptr. 384, 407 P.2d 296].)

This principle applies when the employee is entering *or leaving* the employer's premises. (*Makins* v. *Industrial Acc. Com.* (1926) 198 Cal. 698, 701 [247 P. 202, 49 A.L.R. 411], italics added.) Furthermore, "[t]he fact[ ] that an accident happens upon a public road and that the danger is one to which the general public is likewise exposed . . . do[es] not preclude the existence of a causal relationship between the accident and the employment if the danger is one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. [Citations.]" (*Freire, supra,* 19 Cal.2d at p. 12; accord, *Pacific Indem. Co.* v. *Industrial Acc. Com.* (1946) 28 Cal.2d 329, 338 [170 P.2d 18], hereafter *Henslick*; *Chairez, supra,* 16 Cal.3d at p. 600.)

■ Synthesizing concepts from these and other older cases, this court in *Chairez* devised a two prong test to determine applicability of the special risk exception. *Chairez* held that the exception will apply (1) if "but for" the employment the employee would not have been at the location where the injury occurred and (2) if "the risk is distinctive in nature or quantitatively greater than risks common to the public." (*Chairez, supra,* 16 Cal.3d at pp. 600-601.)

The California cases have not applied the special risk exception to an employee who sustains an injury on a public street only a few feet from the boundary of the employer's premises while driving home directly *after* work. However, the special risk exception has been applied in two cases in which an employee was injured in an auto accident *before* work at or just outside the boundary of the workplace. (*Henslick, supra,* 28 Cal.2d 329; *Greydanus, supra,* 63 Cal.2d 490.) Consideration of these cases leads to the conclusion that the special risk exception applies here.

In *Henslick, supra,* 28 Cal.2d 329, the employee's route to work required him to make a left turn across on-coming traffic to enter the company parking lot. The worker's car was struck as he attempted to make the turn. He later died as a result of a ruptured aorta sustained from the force of the collision. The court in *Henslick* found that the required left turn was a special risk of Henslick's employment. (*Id.,* at p. 338.) As a result, even though it was not clear whether the accident occurred precisely on the employer's premises, the court held that the injury occurred in the course of Henslick's employment. (*Id.,* at pp. 337-338.)

The court noted that, in applying the going and coming rule, the term " 'employment' has been held to include 'not only the doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done.' [Citations.]" (*Id.,* at p. 336.) Furthermore, the *Henslick* court pointed out as did the court in *Freire* that if the employee is subject to a special risk, he or she is entitled to compensation for

injuries sustained within the field of that risk. (*Ibid.*; *Freire, supra,* 19 Cal.2d at p. 11.) This would include injuries sustained in areas of access to the employer's premises even if such areas are "not under the employer's control or management." (*Henslick, supra,* 28 Cal.2d at p. 336.) In *Henslick,* the fact that the employee had only entered the means of access to the employment premises did not bar compensation because the field of the risk to which he was subjected encompassed that area.

In *Greydanus, supra,* 63 Cal.2d 490, this court encountered another situation in which an employee was required to turn left into oncoming traffic to gain access to the employer's premises. In that case, unlike *Henslick,* the employee's car was fully on the public highway when it was hit by a vehicle as the employee was starting to turn left into the company parking lot. Relying on *Henslick,* this court again found that the injuries were compensable under the special risk exception to the going and coming rule. (*Id.,* at pp. 492-493.)

Principles similar to those followed in *Greydanus* and *Henslick* have been applied with equal force in cases from sister states involving *post*-workday injuries incurred off, but within a short distance of, the employer's premises. For instance, the Maine Supreme Judicial Court has considered the problem of injury to an employee who had just turned her car onto a public street after exiting the employer's premises at the end of the workday. In *Oliver* v. *Wyandotte Industries Corporation* (Me. 1973) 308 A.2d 860, a private road, open to the public but maintained and controlled by the employer, led from the parking lot to the public street. A condition on the private road created a blind corner at the intersection. The employee, on her way home from work, drove to the blind corner. She turned onto the public roadway and was struck by a car.

The Maine high court held the injury to be compensable because the hazardous condition on the employer's premises "was in fact a cause of the employee being injured after she had reached the street." (*Id.,* at p. 863.) The court noted that " 'whenever the hazards of employment spill over the boundary line and injure an employee on his way to work, his injury arises within the statutory space limitations of the employer's premises and is compensable as having arisen in the course of the employment. . . .' " (*Ibid.,* quoting from *Nelson* v. *City of Saint Paul* (1957) 249 Minn. 53 [81 N.W.2d 272, 277].)

In a New York case, an employee of a towel supply business noticed three suspicious men outside the employer's garage as he entered the premises to park the company truck for the night. When he exited onto the sidewalk to walk home, the men were still there and he began to run. The men gave chase and assaulted the employee about a block away from the employer's premises. (*Notowitz* v. *Rose Towel & Linen Supply Company* (1971) 36 App.Div.2d 543 [316 N.Y.S.2d 694], affd. (1971) 29 N.Y.2d 502 [323 N.Y.S.2d 975, 272

N.E.2d 485].) The court sustained the compensation board's finding of compensability based on the fact that a special hazard existed which "did not permit . . . safe egress from the employment premises." (*Id.*, at p. 695.)

The teaching of these cases from sister jurisdictions as well as our own decisions in *Henslick* and *Greydanus* is clear. Compensation will be allowed for injuries off the work premises both before or after work if the injury occurs within the field of a risk created by the employment. This is true whether the employment creates a risk in gaining entry to the workplace or in exiting therefrom.

In the present case, the WCAB relied upon our *Chairez* case to deny compensation. However, our decisions in *Greydanus* and *Henslick* indicate that the WCAB read *Chairez* too narrowly in denying compensation to Parks.

In *Chairez*, the employee parked his car before work on a street in front of the employer's premises and was struck and killed by a passing motorist as he alighted from the auto. (*Chairez, supra,* 16 Cal.3d at p. 598.) The *Chairez* court found that the death did not fall within the special risk exception to the going and coming rule. (*Id.*, at p. 601.) Although Chairez would not have been where he was "but for" his employment, the court reasoned that being struck by a passing motorist was not a risk "distinctive in nature or quantitatively greater than risks common to the public." (*Ibid.*)

As in *Chairez,* the first prong of the test for application of the special risk exception is indisputably met in this case. It is clear that "but for" her employment Parks would not have been where she was when the assault occurred. (*Chairez, supra,* 16 Cal.3d at p. 601.)

The WCAB, however, ignored the fact that the risk to which Parks was subjected also met the second prong of the *Chairez* test. Parks was *regularly* subjected at the end of each day's work to the risk of becoming blocked by school children in traffic and becoming a "sitting duck" for an assault. The risk to which Parks was exposed, while common to the public at large was "by reason of [her] employment . . . peculiarly and to an abnormal degree" thrust upon her. (*Freire, supra,* 19 Cal.2d at p. 13.) Her risk was clearly "quantitatively greater" than that to which passing motorists might be subjected on a sporadic or occasional basis. (*Chairez, supra,* 16 Cal.3d at p. 601; see also *Bountiful Brick Co.* v. *Industrial Commission* (1926) 68 Utah 600 [251 P. 555, 556], affd. *sub nom., Bountiful Brick Co.* v. *Giles* (1928) 276 U.S. 154 [72 L.Ed. 507, 48 S.Ct. 221, 66 A.L.R. 1402] [regular exposure of an employee to a common peril creates a greater degree of risk and sustains a causal relationship between the employment and an accident resulting from the risk].) Parks' employment required her to pass through the zone of danger each day. As such,

her employment created a special risk in leaving the school parking lot. The going and coming rule may not be applied to preclude her from recovering compensation benefits.

## III.

The employee in this case was injured as she was beginning her commute home at the end of the workday. Ordinarily, operation of the going and coming rule would not permit compensation under such a circumstance. However, where the employment creates a special risk which extends beyond the boundary of the employment premises, compensation will be allowed if injury occurs within the zone of that risk. It is well settled that "any reasonable doubt as to the applicability of the going and coming doctrine must be resolved in the employee's favor." (*Hinojosa, supra,* 8 Cal.3d at pp. 155-156; see also Lab. Code, § 3202.) Here, a special risk, making the employee prey to the assault which caused her disability, had been created by the flow of children from the school grounds into the street with the consequent blockage of traffic. Accordingly, this court holds that the going and coming rule does not apply to bar compensation.

The decision of the Workers' Compensation Appeals Board is annulled and this case is remanded for proceedings consistent with the views expressed herein.

Mosk, J., Kaus, J., Broussard, J., Reynoso, J., and Grodin, J., concurred.

**RICHARDSON, J.**—I respectfully dissent.

In my view, under the circumstances of this case petitioner's claim for workers' compensation benefits is barred by the "going and coming rule." (See *General Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 595, 598 [128 Cal.Rptr. 417, 546 P.2d 1361].)

Petitioner, a teacher, left her employment at school at the regularly appointed time, and drove her car out of her employer's parking lot. She entered the general flow of traffic on a public street. After proceeding a short distance, departing schoolchildren apparently impeded her progress and, while waiting in her stopped car in the street, she was assaulted by three *unidentified* assailants. Labor Code section 3600 requires, as a condition of workers' compensation, that the injury *arise out of and in the course of employment.* I think the injury here did not so arise.

In the absence of "exceptional" or "extraordinary" circumstances, the well established going and coming rule precludes an award of workers' compensa-

tion for injuries suffered during the course of a local commute to or from a fixed place of business at fixed hours. We have repeatedly so held. (See *General Ins. Co., supra,* at p. 598; *Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 157 [104 Cal.Rptr. 456, 501 P.2d 1176].) While an employer's parking lot is deemed a part of the employment "premises" for purposes of applying the foregoing rule (*General Ins. Co.,* 16 Cal.3d at pp. 599-600), petitioner was injured *after* she left the lot and *after* she had begun to travel on a public street. This was a normal, routine departure by petitioner from her place of employment.

Petitioner was not engaged in any "special mission" for her employer. She suffered her injury after working hours, away from her place of employment, as a result of the voluntary, criminal act of third parties wholly unrelated to her work. As we recently observed, "The 'premises line' has the advantage of enabling courts to ascertain the point at which employment begins—objectively and fairly . . . . As Professor Larson has so clearly pointed out, '[i]t is a familiar problem in law when a sharp, objective, and perhaps somewhat arbitrary line has been drawn . . . to encounter demands that the line be blurred a little to take care of the closest cases. For example, one writer says that there is no reason in principle why states should not protect employees "for a reasonable distance" before reaching or after leaving the employer's premises. This, however, only raises a new problem . . . because it provides no standard by which the reasonableness of the distance can be judged. It substitutes the widely-varying subjective interpretation of "reasonable distance" by different administrators and judges for the physical fact of a boundary line. At the same time, it does not solve the original problem, because each time the premises are extended a "reasonable distance," there will inevitably arise new cases only slightly beyond that point—and the cry of unfairness of drawing distinctions based on only a few feet of distance will once more be heard.' (1 Larson, [Workmen's Compensation Law (1972)] § 15.12, pp. 4-5—4-6; fn. omitted.)" (*General Ins. Co., supra,* at p. 599.)

Petitioner's injury was not compensable as job related unless some exception to the going and coming rule applies and the majority attempts to invoke the rule's "special risk" exception. This restriction is recognized when the employment itself has created a special risk of injury which is not shared by the public generally. (*Id.,* at p. 600.) It seems obvious that the special risk exception is inapplicable here. The hazard which caused petitioner's injury, the "hit and run" assault by unidentified criminals, was not "special" to her, nor was it a "special risk" of her employment as a teacher, nor was it "causally" related to the school. It was a common danger to which the public in general was and is equally susceptible. Our holding in *General Ins. Co.* is enlightening. We there denied compensation where the applicant's decedent was struck on a public street by a passing motorist as he alighted from his parked car on his way to

work. We specifically emphasized that "But for his job, Chairez would not have been on La Cienega that morning. However, Chairez' death does not come within the second requirement of the special risk exception—that the risk is distinctive in nature or qualitatively greater than risks common to the public. Chairez was parked on a public street at a time and in a location where parking is available to the general public. The fact that he was struck by a passing motorist, while tragic, is a type of risk the public is subject to daily. Moreover, nothing in the facts indicates Chairez was exposed to a greater risk from passing motorists than anyone else on La Cienega that morning." (*Id.,* 16 Cal.3d at p. 601.)

The key question is whether "the danger [is] one to which the employee, by reason of and in connection with his employment is subjected peculiarly or to an abnormal degree." (*State Compensation Ins. Fund* v. *Industrial Acc. Com.* (1924) 194 Cal. 28, 31 [227 P. 168]; see *Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 12 [118 P.2d 809].)

The assault by unknown assailants on the occupant of a vehicle stopped on a public street was a wholly random and unforeseeable risk. Such a stop could occur anywhere on the street, and could have been caused by pedestrians in a cross walk, a red traffic light or a temporary traffic obstruction. It was shared by any and all members of the general public who were on the public street where it occurred. It cannot reasonably be said that petitioner, because of her work, was subjected "peculiarly or to an abnormal degree" to the risk of this type of assault. The incident causing the injury here cannot fairly or reasonably be considered a risk that is special to petitioner's employment as a schoolteacher. In terms of time, location, nature, cause or source of the injury, it was not job related. As we stressed in *General Ins. Co.,* we cannot say that "the risk is distinctive in nature or qualitatively greater than risks common to the public."

The special risk exception not applying, the case is controlled by the going and coming rule. The Workers' Compensation Appeals Board was correct in denying petitioner relief. I would affirm the decision of the Workers' Compensation Appeals Board.

The petition of respondent Los Angeles Unified School District for a rehearing was denied April 20, 1983. Richardson, J., was of the opinion that the petition should be granted.