[No. C006747. Third Dist. Oct. 25, 1990.]

ROBERT WAYNE JOHNSON et al., Plaintiffs and Appellants, v. STRATLAW, INC., Defendant and Respondent.

## COUNSEL

Quattrin, Johnson, Campora & England, William P. Parquette and David B. Johnson for Plaintiffs and Appellants.

Bolling, Walter & Gawthrop, George E. Murphy and Debora K. Dragland for Defendant and Respondent.

## OPINION

**CARR, J.**—In this appeal from a summary judgment entered in favor of defendant, plaintiffs assert the court erred in ruling their suit is barred by the exclusive remedy provisions of the Workers' Compensation Act. (Lab. Code, § 3200 et seq.) We shall affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves an automobile accident in which plaintiffs' 16-year-old son, Daryl, was killed. Daryl worked part time at a Straw Hat pizza parlor owned and operated by defendant. Daryl's father, Robert, also worked at the restaurant.

On Friday, September 4, 1987, Daryl worked as a dishwasher at the pizzeria from 5 p.m. to its closing at 1 a.m. He completed his chores after 2 a.m. and left the premises with his father, who had also been working. They got into their cars and started to drive home, each taking a different route to their house some 15 miles away. Daryl's father arrived home first. Ten

minutes later, when his son had still not arrived, Robert left to find him. Two miles from the house he came upon a sheriff's car at an accident scene. Daryl had been involved in a single-car accident and emergency personnel were working to extricate him from the wreckage. Daryl later died from the injuries he sustained.

In their second amended complaint, plaintiffs alleged two causes of action against defendant. The first alleged a cause of action for wrongful death, asserting defendant "carelessly and negligently directed, supervised, managed and controlled the activities at said Straw Hat Pizza and particularly the activities of decedent . . . so as to require him to work from 5:00 p.m. until after 2:00 a.m. on a non-schoolday in violation of California Labor Code § 1391."[1]

The complaint continued: "As a direct and proximate result of defendants . . . negligently and carelessly requiring the decedent to work until after 2:00 a.m. and for a period in excess of eight hours, in violation of Labor Code § 1391 as stated above, the decedent, while driving home after work was tired and/or exhausted, fell asleep or was otherwise drowsy, causing him to be involved in an automobile accident."

The second cause of action, for negligent infliction of emotional distress, alleged plaintiffs watched the rescue efforts and "suffered shock resulting from the sensory and contemporaneous observance of their son's accident."

Defendant demurred to the complaint, asserting inter alia that plaintiffs' sole remedy lay in a workers' compensation claim and further, that plaintiffs were precluded from asserting a claim for negligent infliction of emotional distress because they had not observed Daryl's accident. The trial court sustained the demurrer as to the mother's cause of action for emotional distress but overruled the demurrer on all other grounds.

Defendant answered the complaint and moved for summary judgment and/or summary adjudication, again arguing workers' compensation was the appropriate forum for plaintiffs' claims and that no claim for negligent infliction of emotional distress could be made because there had been no contemporaneous observance of the accident. The trial court granted sum-

---

[1] Labor Code section 1391, subdivision (a) provides in relevant part: "[N]o minor shall be employed more than eight hours in one day of 24 hours or more than 48 hours in one week, or before five o'clock in the morning, or after 10 o'clock in the evening on any day preceding a schoolday. However, a minor may work the hours authorized by this section during any evening preceding a nonschoolday until 12:30 in the morning of the nonschoolday." This language reflects nonsubstantive changes to the statute made in 1989.

Subdivision (b) provides misdemeanor penalty provisions for violation of the statute.

mary adjudication in favor of defendant on the cause of action for emotional distress but denied the motion as to the first cause of action.

One month later, defendant once more moved for summary judgment, reiterating its earlier arguments that this matter fell within workers' compensation provisions. The trial court agreed and granted summary judgment in favor of defendant. This appeal followed.

## DISCUSSION

■ "A defendant is entitled to summary judgment if the record establishes as a matter of law that none of plaintiff's asserted causes of action can prevail. [Citation.] To succeed, the defendant must conclusively negate a necessary element of the plaintiff's case, and demonstrate that under no hypothesis is there a material issue of fact that requires the process of a trial. [Citation.]" (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46].)

The central question in this case is whether plaintiffs' complaint is barred by the exclusive remedy provisions of the Workers' Compensation Act. We conclude it is.

■ Labor Code section 3600 provides "[l]iability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death" if certain conditions are met.[2] One of these conditions, subdivision (a)(2), requires that "at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment."

Plaintiffs contend their claim does not fall within the workers' compensation provisions because their son had left work and was therefore no longer in the course of his employment at the time of his accident.

■ The principles involved in the instant case were discussed at length in *Parks* v. *Workers' Comp. Appeals Bd.* (1983) 33 Cal.3d 585 [190 Cal.Rptr. 158, 660 P.2d 382]: "One of the rules the courts have fashioned to

---

[2] "In the course of employment" refers to the time and place of the injury while the phrase "arise out of employment" refers to a causal connection between the injury and the employment. (*West American Ins. Co.* v. *California Mutual Ins. Co.* (1987) 195 Cal.App.3d 314, 320 [240 Cal.Rptr. 540].)

aid in determining whether an injury occurred in the 'course of employment' is the 'going and coming' rule. Broadly stated, the rule prohibits compensation for injuries received by an employee while traveling to and from work. Courts have reasoned that the employment relationship is suspended during this period and, therefore, injuries occurring when an employee is engaged in off-duty travel, off of the employer's premises, are not within the 'course of employment' for purposes of the Workers' Compensation Act.

"․ . . . . . . . . . . . . . . . . . .

"Normally, when an injury occurs during the commute to or from work, the going and coming rule will apply to prevent compensation unless the injury can be found to fit within one of the many exceptions to the rule. One of the exceptions which has been devised to implement the rule in marginal situations is the 'special risk' exception.

"An employee will be 'entitled to compensation, if the employment creates a special risk, for injuries sustained within the field of that risk. Such a risk may attend the employee as soon as he enters the employer's premises or the necessary means of access thereto, even when the latter is not under the employer's control or management . . . .'

"This principle applies when the employee is entering or leaving the employer's premises. Furthermore, '[t]he fact[] that an accident happens upon a public road and that the danger is one to which the general public is likewise exposed . . . do[es] not preclude the existence of a causal relationship between the accident and the employment if the danger is one to which the employee, by reason of and in connection with his or her employment, is subjected peculiarly or to an abnormal degree . . . .'

"Synthesizing concepts from these and other older cases, this court in *Chairez* [*General Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 595 (128 Cal.Rptr. 417, 546 P.2d 1361)] devised a two prong test to determine applicability of the special risk—exception. *Chairez* held that the exception will apply (1) if 'but for' the employment the employee would not have been at the location where the injury occurred and (2) if 'the risk is distinctive in nature or quantitatively greater than risks common to the public.'" (Citations, fns. and italics omitted; *Parks* v. *Workers' Comp. Appeals Bd., supra*, 33 Cal.3d at pp. 588-590.)

In *Chairez, supra*, 16 Cal.3d 595, an employee parked his car in front of his place of employment, got out of the car, and was struck by a passing

motorist. (*Id.* at p. 598.) The court concluded "Chairez' injury was causally related to his employment. But for his job, Chairez would not have been on La Cienega that morning. However, Chairez' death does not come within the second requirement of the special risk exception—that the risk is distinctive in nature or quantitatively greater than risks common to the public. Chairez was parked on a public street at a time and in a location where parking is available to the general public. The fact that he was struck by a passing motorist, while tragic, is a type of risk the public is subject to daily. Moreover, nothing in the facts indicates Chairez was exposed to a greater risk from passing motorists than was anyone else on La Cienega that morning." (*Id.* at p. 601.)

*Parks, supra,* 33 Cal.3d 585, presented a different set of circumstances. In that case, a teacher left a school parking lot to drive home. She found herself stopped by departing schoolchildren who were crossing the street between cars. While she was stopped, three youths opened the driver's door on Parks's car, wrestled her purse away from her, and ran away. Parks sought workers' compensation benefits for the disability she suffered as a result of the attack. (*Id.* at pp. 587-588.) The court distinguished this situation from that in *Chairez,* finding that Parks was "regularly subjected at the end of each day's work to the risk of becoming blocked by school children in traffic and becoming a 'sitting duck' for an assault . . . . Her risk was clearly 'quantitatively greater' than that to which passing motorists might be subjected on a sporadic or occasional basis. [Citations.] Parks' employment required her to pass through the zone of danger each day. As such, her employment created a special risk in leaving the school parking lot." (*Id.* at pp. 592-593, italics omitted.) The court concluded the going and coming rule did not apply to bar compensation. (*Id.* at p. 593.)

Here, plaintiffs assert their case is more like *Chairez* than *Parks.* Plaintiffs acknowledge the first prong of the *Chairez* test is met: but for Daryl's employment, he would not have been on the road where the accident occurred. Plaintiffs center their arguments on the second part of this test, the nature of the risk involved.[3] They assert the risk of accident was no

---

[3] In its brief, defendant responds to the *Chairez* special risks argument and also offers an alternative analysis based on *Childers* v. *Shasta Livestock Auction Yard, Inc.* (1987) 190 Cal.App.3d 792 [235 Cal.Rptr. 641] and *McCarty* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 677 [117 Cal.Rptr. 65, 527 P.2d 617], cases involving injury to intoxicated employees. We do not find those cases controlling in the instant situation, as both cases involved the question of the causal connection between employment and injury, a matter that is not at issue here.

In *McCarty, supra,* an intoxicated employee was killed while driving home from a Christmas party at his employer's office. (12 Cal.3d at pp. 680-681.) The court held the going and coming rule did not preclude compensation because the employee became intoxicated at his

greater for Daryl than for the public at large, given that the accident occurred on a public highway miles away from defendant's restaurant. Plaintiffs' characterization of the risk involved ignores the pleadings set forth in their complaint.

Plaintiffs charged defendant violated Labor Code section 1391 in requiring their son to work until after 2 a.m. on a nonschool day, thereby causing Daryl to become tired and involved in an automobile accident. These pleadings allege a special risk: Daryl, a minor, was in an accident because he became tired after being kept at work by defendant long past the legal hours. Indeed, without such an allegation, plaintiffs could not establish any nexus linking defendants to Daryl's accident. The language of plaintiffs' complaint demonstrates a special risk was involved, one rooted in requiring a minor to work until after 2 a.m. Unlike *Chairez*, the risk outlined in plaintiffs' complaint is not one to which the public is generally exposed.[4]

This case is distinguishable from *Baroid* v. *Workers' Comp. Appeals Bd.* (1981) 121 Cal.App.3d 558 [175 Cal.Rptr. 633], a case relied upon by

---

place of employment. "[I]f the proximate cause is of industrial origin, the time and place of injury or death even if foreign to the premises does not serve to nullify recovery." (12 Cal.3d at p. 681.)

In *Childers, supra,* employees gathered at their office at the end of work and spent several hours drinking there with customers. Three of the employees then left to feed horses belonging to one of them. One of the employees was killed and another injured when their truck drove off the road. (190 Cal.App.3d at p. 799.) In ruling the special risk exception to the going and coming rule applied, this court found the second prong of the *Chairez* test satisfied, i.e., a distinctive or quantitatively greater risk was created for these employees because their employer encouraged them to drink together on the premises, from which they would be leaving by car. (*Id.* at pp. 813-814.) The first prong of *Chairez* could not be met, however, because the employment did not cause the employees to be at the site of the accident on the way to feed one of the employee's horses. We determined this prong of *Chairez* was immaterial to the case before us because "the causal connection between employment and injury is conclusively demonstrated by the employees' consumption of alcohol on the jobsite (and its consequent effect on driving skills), not by the employees' geographic location at the time of injury." (*Id.* at p. 814.) We concluded a special risk had been created and plaintiff was therefore within the course of his employment at the time of the accident. (*Id.* at p. 815.)

Here, plaintiffs do not challenge the first prong of *Chairez*, i.e., they agree that but for Daryl's employment he would not have been at the site of the accident. Consequently, we need not explore alternative means of establishing this causal connection by following the analysis of *McCarty* and *Childers*.

[4] Relying on *Hinojosa* v. *Workmen's Comp. Appeals Bd.* (1972) 8 Cal.3d 150, 162 [104 Cal.Rptr. 456, 501 P.2d 1176], plaintiffs assert finding the special risk exception applicable here would result in similarly situated employees being treated differently. They argue that had Robert died instead of Daryl, the special risks doctrine would not be applied to preclude a civil complaint for wrongful death. Plaintiffs' claim misses the mark. Robert and Daryl were *not* similarly situated, as plaintiffs' complaint makes abundantly clear. Plaintiffs predicated their complaint on defendant's violation of Labor Code section 1391, a section relating to the employment of minors. The same grounds could not have been used to establish a cause of action against defendant had Robert been injured.

plaintiffs. In *Baroid*, an employee was injured in a car accident while on his way to work. The Workers' Compensation Appeals Board had found the injury compensable under another exception to the going and coming rule, the "special mission" exception. The Court of Appeal grappled with this doctrine and another exception to the going and coming rule, the "wage payment or travel time" exception, and remanded the matter to the Workers' Compensation Appeals Board for further findings. In dicta, the court noted: "[W]e also do not find that the 'special risk' exception to the going and coming rule . . . applies herein. Applicant has not shown that traveling to work at [5 a.m.] subjected him to a greater risk of injury or that the employer's premises in any way contributed to the creation of such risk." (Fn. omitted; *id*. at p. 574.) Here, however, plaintiffs' own pleadings allege it was defendant's employment practices with respect to Daryl that created the risk of injury.

Under these circumstances, the "special risk" exception to the going and coming rule applies and plaintiffs' complaint is barred by the exclusive remedy provisions of the workers' compensation system.[5] The trial court properly granted summary judgment for defendant.

### DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Sims, J., concurred.

---

[5] In their opening brief, plaintiffs assert the court also erred in granting summary adjudication on Robert's emotional distress claim. Plaintiffs abandon this argument in their reply brief in recognition of the recent decision by the California Supreme Court in *Thing* v. *La Chusa* (1989) 48 Cal.3d 644 [257 Cal.Rptr. 865, 771 P.2d 814], a case which severely limited a bystander's cause of action for negligent infliction of emotional distress. Given plaintiffs' abandonment of this issue and our conclusion that the workers' compensation system is the proper forum for plaintiffs' complaints, we do not address this argument further.